UNITED STATES DISTRICT COUT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SONJA LANG, | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | A CIVIL ACTION 6:20-cv-00653 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
|     Defendant | § | A JURY IS DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW, SONJA LANG**, Plaintiff herein, complaining of TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Defendant herein (hereinafter referred to as "Defendant," "TDCJ," or "Defendant TDCJ"), and in support would show the Court as follows:

### I.   NATURE OF THE CASE

1. This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.,* for unlawful employment practices based on sex (gender), race, disability and retaliation.

2. Plaintiff **SONJA LANG** ("Plaintiff," or "Lang") employed by Defendant TDCJ, alleges that TDCJ discriminated against her on the basis of race and sex, then retaliated against her for engaging in the protected activity of filing a complaint of discrimination based on race and sex. This retaliation included harassment, hostile work environment, unfavorable and material alterations to the terms and conditions of employment, unwarranted disciplinary actions, and termination. Solely in the alternative, Lang alleges she suffered depression as a result of TDCJ's hostile work environment, and that TDCJ terminated her because it regarded her as disabled after she had taken FMLA leave.

## II. JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, because this action is based on Title VII, 42 U.S.C. §2000e, *et seq.*, a federal statute, and other federal statutes presenting a federal question. This Court also has jurisdiction pursuant to 28 U.S.C. §1337, because the action is based on a federal statute regulating commerce. Finally, this Court has jurisdiction over Plaintiff's pendent state law claims arising out of the same conduct.

4.     Venue is proper in the Western District of Texas, Waco Division, pursuant to 28 U.S.C. §§1391(b)(2), because a substantial part of the events or omissions (Defendant's unlawful employment practices) giving rise to Plaintiff's claims occurred in Marlin, Falls County, Texas, located within the territory of the Waco Division.

## III. PARTIES

5.     Plaintiff **SONJA LANG** is an individual residing in Falls County, Texas.

6.     Defendant **TEXAS DEPARTMENT OF CRIMINAL JUSTICE** is a state agency of the State of Texas, which may be served with process, by serving its Executive Director, Bryan Collier, at 861-B I-45 N., Huntsville, Texas 77320, or the Office of the Attorney General at 300 W. 15th Street, Austin, Texas 78701.

## IV. FACTS

### A) Lang's Outstanding Career With TDCJ:

7.     From June 1, 1994, until at least 2017, Lang enjoyed a long and distinguished career with TDCJ, during which Lang received favorable performance reviews, promotions, and raises. After such dedicated service, favorable reviews, and a solid disciplinary record, Lang had no reason to believe her job was in jeopardy, and in fact Plaintiff would show her job was not in jeopardy.

### B) TDCJ's Failure to Promote Lang to Captain and Lang's Numerous EEO Discrimination and Retaliation Complaints:

8.      On numerous occasions between April 1, 2017, and September 4, 2018, Lang reported and complained to the EEO office and various representatives of TDCJ that she was the victim of race and sex (gender) discrimination (in having been passed over for captain, for example), and that she was being subjected to retaliation for having previously complained of racial and sex (gender) discrimination. Specifically, Lang filed complaints with Major Cordelia Miller (06/27/2017), Caroline Herring (07/06/2017, 01/03/2018, and 07/20/2018) and Major Patricia Williams (07/20/2018) alleging discrimination and retaliation.

### C) Retaliatory and Pretextual Disciplinary Actions / Termination:

9.      In July of 2018, Lang developed depression and took a short leave under the Family and Medical Leave Act (FMLA). With the accommodation of this short leave and treatment, Lang was still fully able to perform the essential functions of her job. Because Lang was required to disclose the nature of her FMLA leave, TDCJ was aware of Lang's condition. While Lang was on leave, she was contacted by a co-worker indicating the co-worker had been asked to write some sort of a statement about Lang. Lang was not able to ascertain the nature of the situation, she had not been at work in several days because of her leave, and Lang hung up the phone unclear about what had transpired. Ms. Lang then contacted a second co-worker to see if the second co-worker had any information about what was going on. The second co-worker indicated that one of their supervisors (Captain Bailey – one of the superiors against whom Lang had made an EEO complaint) had approached the second co-worker and asked her to write a negative statement about Lang.

10.     Lang contacted her own supervisor about returning to work and was instructed to report without her uniform. When she did, Lang was then notified for the first time that TDCJ was investigating an alleged prior incident in which TDCJ contended Lang had uttered a curse word or

used vulgar language while on duty. Lang denied the allegation because it was untrue, but TDCJ not only proceeded to charge Lang with the alleged use of the curse word or vulgar language, it also now charged Lang with having allegedly attempted to "tamper" with a witness (even though TDCJ had never previously notified Lang any investigation was in progress). Ultimately, TDCJ terminated Lang on or about September 4, 2018, by giving her the "option" to resign or be fired. Lang would show the cursing and witness tampering allegations against her were false and pretextual, and that the real reason for her termination was discrimination against her on the basis of race and sex, and in retaliation for having complained about it. Alternative, Lang would show that TDCJ terminated her because it regarded her as disabled after it became aware of her depression, despite the fact that she was fully able to perform the essential functions of her job.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Lang timely submitted a questionnaire/complaint to the Texas Workforce Commission Civil Rights Division on or about March 1, 2019, within one hundred eighty (180) days and three hundred (300) days of her termination, and within one hundred eighty (180) and three hundred (300) days after the period of continuous retaliatory action of subjecting her to a hostile work environment finally ended. In her questionnaire/complaint, Lang indicated she was the victim of race, sex (gender) and disability discrimination, as well as retaliation, and she indicated her desire to file a Charge of Discrimination, as well as her desire that her Charge be dual-filed with both the Texas Workforce Commission's Civil Rights Division (TWC CRD) and the Equal Employment Opportunity Commission (EEOC).

12. The Texas Workforce Commission prepared a Charge of Discrimination for Lang to sign, and Lang executed it promptly on May 7, 2019. The Charge relates back to Lang's initial inquiry, which she was entitled to amend and perfect. The Charge was investigated by TWC under the

workshare agreement between TWC and the EEOC.

13. When the Texas Department of Criminal Justice failed to resolve this matter at the administrative level, TWC issued Lang a right to sue letter on or about May 20, 2020. Lang timely files this lawsuit within sixty (60) days of receiving her TWC right to sue letter.

14. The U. S. Department of Justice, Civil Rights Division also issued Lang a right to sue letter on July 8, 2020, which was received on the same date by Lang and her attorney. Lang timely files this Complaint within ninety (90) days of receiving her EEOC right to sue letter.

## VI.    CAUSES OF ACTION

### A) COUNT 1: Title VII Retaliation: Hostile Work Environment.

15. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs 1-14.

16. Defendant TDCJ is an "employer" as defined under Title VII.

17. Lang's internal EEO complaints alleging discrimination on the basis of race and sex, as well as her actions in pursuit of it, were all protected activity under Title VII of the Civil Rights Act of 1964), 42 U.S.C. §2000e, et seq., as amended by the Civil Rights Act of 1991 ("Title VII").

18. Further, each and every subsequent grievance Lang filed with TDCJ – claiming that the disciplinary actions being initiated against her were in retaliation for having filed the EEO complaint – was a separate protected activity under Title VII.

19. Title VII expressly prohibits discrimination based on race or sex, and it makes such discrimination an unlawful employment practice. Lang's internal EEO compliant, her actions in pursuit of it, and her grievances described in the preceding paragraph all opposed such discriminatory practices under Title VII.

20. Title VII expressly prohibits an employer from retaliating against an employee because she

has opposed any practice made an unlawful practice by Title VII, because she has filed a charge, or because she has testified, assisted or participated in any manner in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. §2000e-3.

21. From April 1, 2017, until Lang's termination on or about September 4, 2018, TDCJ subjected Lang to a hostile work environment, including but not limited to hostility and arbitrary behavior toward her EEO complaint, harassment, discipline, erratically fluctuating work hours, verbal abuse, and unwarranted investigations against her.

22. The reasons given for such actions taken against Lang were pretexts for retaliation and were not the true reason. The true reason was retaliation for complaining about discrimination and previous retaliation.

23. Plaintiff need not prove that every TDCJ agent, employee or representative participating in the creation of her hostile work environment had a retaliatory motive. Rather, in the alternative, Plaintiff would show that one or more of those TDCJ actors did act out of an unlawful retaliatory motive. Regardless of whether any or all of the other actors involved share this retaliatory motive, Lang would show that any TDCJ agent's, employee's, or representative's retaliatory motive is imputed to TDCJ's other actors because: 1) such TDCJ agents, employees, or representatives committed acts of a retaliatory nature against Lang; 2) such TDCJ agents, employees, or representatives intended those acts would cause Lang to suffer a hostile work environment or other adverse employment action; and 3) such TDCJ agents, employees, or representatives actions caused the hostile work environment or other adverse employment action, regardless of whether such TDCJ agents, employees, or representatives with a retaliatory motive participated in the hostile work environment.

24. Lang hereby sues for retaliation in the form of a hostile work environment under Title VII.

**B) COUNT 2: Title VII Retaliation: Termination**

25. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs 1-24.

26. Defendant TDCJ is an "employer" as defined under Title VII.

27. Lang's internal EEO complaint alleging discrimination on the basis of race, color and sex, as well as her actions in pursuit of it, were all protected activity under Title VII of the Civil Rights Act of 1964), 42 U.S.C. §2000e, et seq., as amended by the Civil Rights Act of 1991 ("Title VII").

28. Further, each and every subsequent grievance Lang filed with TDCJ – claiming that the disciplinary actions being initiated against her were in retaliation for having filed the EEO complaint – was a separate protected activity under Title VII.

29. Title VII expressly prohibits discrimination based on race, color or sex, and it makes such discrimination an unlawful employment practice. Lang's internal EEO compliant, her actions in pursuit of it, and her grievances described in the preceding paragraph all opposed such discrimination.

30. Title VII expressly prohibits an employer from retaliating against an employee because she has opposed any practice made an unlawful practice by Title VII, because she has filed a charge, or because she has testified, assisted or participated in any manner in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. §2000e-3.

31. TDCJ retaliated against Lang by terminating her employment on or about September 4, 2018.

32. The reasons given for Lang's termination were pretexts for retaliation and were not the true reason. The true reason was retaliation for complaining about discrimination and previous retaliation.

33. Plaintiff need not prove that every TDCJ agent, employee or representative participating in Lang's termination had a retaliatory motive, or that any ultimate decision maker(s) in Lang's termination had a retaliatory motive. Rather, in the alternative, Plaintiff would show that one or more of those TDCJ actors did act out of an unlawful retaliatory motive. Regardless of whether any or all of the other actors involved share this retaliatory motive, Lang would show that any TDCJ agent's, employee's, or representative's retaliatory motive is imputed to TDCJ's other actors because: 1) such TDCJ agents, employees, or representatives committed acts of a retaliatory nature against Lang; 2) such TDCJ agents, employees, or representatives intended those acts would cause Lang to suffer termination or other adverse employment action; and 3) such TDCJ agents, employees, or representatives actions caused the termination or other adverse employment action, regardless of whether such TDCJ agents, employees, or representatives with a retaliatory motive participated in the hostile work environment.

34. Lang hereby sues for retaliation in the form of termination under Title VII.

**C) COUNT 3: Tex. Labor Code Chapter 21 Retaliation: Hostile Work Environment.**

35. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs 1-34.

36. Defendant TDCJ is an "employer" as defined under Chapter 21 of the Texas Labor Code ("Chapter 21").

37. Under Texas Labor Code §21.055, an employer commits an unlawful practice if the employer retaliates or discriminates against a person who opposes a discriminatory practice, who makes or files a charge of discrimination or files a complaint, or who assists or "participates in any manner" in an investigation, proceeding or hearing. Lang's internal EEO complaints alleging discrimination on the basis of race and sex, as well as her actions in pursuit of it, were all protected

activity under Chapter 21.

38. Further, each and every subsequent grievance Lang filed with TDCJ – claiming that the disciplinary actions being initiated against her were in retaliation for having filed the EEO complaint – was a separate protected activity under Chapter 21.

39. Chapter 21 expressly prohibits discrimination based on race or sex, and it makes such discrimination an unlawful employment practice. Lang's internal EEO compliant, her actions in pursuit of it, and her grievances described in the preceding paragraph all opposed such discriminatory practices under Chapter 21.

40. Chapter 21 expressly prohibits an employer from retaliating against an employee because she has opposed any practice made an unlawful practice by Chapter 21, because she has filed a charge, or because she has testified, assisted or participated in any manner in an investigation, proceeding, or hearing under Chapter 21.

41. From April 1, 2017, until Lang's termination on or about September 4, 2018, TDCJ subjected Lang to a hostile work environment, including but not limited to hostility and arbitrary behavior toward her EEO complaint, harassment, discipline, erratically fluctuating work hours, verbal abuse, and unwarranted investigations against her.

42. The reasons given for such actions taken against Lang were pretexts for retaliation and were not the true reason. The true reason was retaliation for complaining about discrimination and previous retaliation.

43. Plaintiff need not prove that every TDCJ agent, employee or representative participating in the creation of her hostile work environment had a retaliatory motive. Rather, in the alternative, Plaintiff would show that one or more of those TDCJ actors did act out of an unlawful retaliatory motive. Regardless of whether any or all of the other actors involved share this retaliatory motive,

Lang would show that any TDCJ agent's, employee's, or representative's retaliatory motive is imputed to TDCJ's other actors because: 1) such TDCJ agents, employees, or representatives committed acts of a retaliatory nature against Lang; 2) such TDCJ agents, employees, or representatives intended those acts would cause Lang to suffer a hostile work environment or other adverse employment action; and 3) such TDCJ agents, employees, or representatives actions caused the hostile work environment or other adverse employment action, regardless of whether such TDCJ agents, employees, or representatives with a retaliatory motive participated in the hostile work environment.

44. Lang hereby sues for retaliation in the form of a hostile work environment under Chapter 21.

### D) COUNT 4: Tex. Labor Code Chapter 21 Retaliation: Termination.

45. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs 1-44.

46. Defendant TDCJ is an "employer" as defined under Chapter 21 of the Texas Labor Code ("Chapter 21").

47. Under Texas Labor Code §21.055, an employer commits an unlawful practice if the employer retaliates or discriminates against a person who opposes a discriminatory practice, who makes or files a charge of discrimination or files a complaint, or who assists or "participates in any manner" in an investigation, proceeding or hearing. Lang's internal EEO complaints alleging discrimination on the basis of race and sex, as well as her actions in pursuit of it, were all protected activity under Chapter 21.

48. Further, each and every subsequent grievance Lang filed with TDCJ – claiming that the disciplinary actions being initiated against her were in retaliation for having filed the EEO

complaint – was a separate protected activity under Chapter 21.

49. Chapter 21 expressly prohibits discrimination based on race or sex, and it makes such discrimination an unlawful employment practice. Lang's internal EEO compliant, her actions in pursuit of it, and her grievances described in the preceding paragraph all opposed such discriminatory practices under Chapter 21.

50. Chapter 21 expressly prohibits an employer from retaliating against an employee because she has opposed any practice made an unlawful practice by Chapter 21, because she has filed a charge, or because she has testified, assisted or participated in any manner in an investigation, proceeding, or hearing under Chapter 21.

51. TDCJ retaliated against Lang by terminating her employment on or about September 4, 2018.

52. The reasons given for Lang's termination were pretexts for retaliation and were not the true reason. The true reason was retaliation for complaining about discrimination and previous retaliation.

53. Plaintiff need not prove that every TDCJ agent, employee or representative participating in Lang's termination had a retaliatory motive, or that any ultimate decision maker(s) in Lang's termination had a retaliatory motive. Rather, in the alternative, Plaintiff would show that one or more of those TDCJ actors did act out of an unlawful retaliatory motive. Regardless of whether any or all of the other actors involved share this retaliatory motive, Lang would show that any TDCJ agent's, employee's, or representative's retaliatory motive is imputed to TDCJ's other actors because: 1) such TDCJ agents, employees, or representatives committed acts of a retaliatory nature against Lang; 2) such TDCJ agents, employees, or representatives intended those acts would cause Lang to suffer termination or other adverse employment action; and 3) such TDCJ agents,

employees, or representatives actions caused the termination or other adverse employment action, regardless of whether such TDCJ agents, employees, or representatives with a retaliatory motive participated in the hostile work environment.

54. Lang hereby sues for retaliation in the form of termination under Chapter 21.

### E) COUNT 5: ADA and Chapter 21 Disability Discrimination: Termination.

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs 1-54.

56. Defendant TDCJ is an "employer" as defined under the Americans With Disabilities Acts of 1990, the ADA Amendments Act of 2008, and Chapter 21 of the Texas Labor Code.

57. While depression, if severe enough, could constitute a "disability" within the definition provided by Texas Labor Code §§ 21.002 and 21.0021, Lang would show the Court and jury that her condition was treatable, that she sought and received all necessary treatment, and that she was at all times material to this lawsuit fully capable of performing the essential functions of her job. To the extent, however, the jury may find that TDCJ *perceived, or regarded* Lang as disabled because of her depression diagnosis and terminated her for that reason, Lang's termination then constitutes discrimination under the ADA, the ADAAA, and Chapter 21. Plaintiff has a private cause of action and sues for disability discrimination under 42 U.S.C. §12133 and Chapter 21.

### VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Sonja Lang respectfully requests the following relief:

a. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with Defendant, from retaliations against other employees who file complaints based on sex (gender), race, or color, who oppose such discriminatory practices, or who participate in or provide information in investigations of such complaints;

b. Order Defendant to make Lang whole by reinstating her to her former position, with all seniority, salary, benefits, retirement eligibility and any other employee statuses completely restored;

c. Order Defendant to make Lang whole by providing compensation for past and future pecuniary and economic losses resulting from Defendant's unlawful practices described above, including but not limited to back pay, front pay, health and other fringe benefits and pecuniary harm resulting from the loss of such benefits, as well as the pecuniary harm to Lang's retirement contributions, vesting, draw schedule, or any other pecuniary loss;

d. Order Defendant to make Lang whole by providing compensation for non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, loss of civil rights and nominal damages, in an amount to be determined at trial;

e. Order Defendant to pay Lang's litigation costs and expenses, including reasonable attorneys' fees, expert witness fees, and pre-judgment and post-judgment interest; and

f. Grant such further relief as the Court deems necessary and proper in the public interest.

## DEMAND FOR JURY

Plaintiff demands trial by jury of all issues of fact raised by this Complaint.

Respectfully submitted,

Walter L. Taylor
State Bar No. 19727030
**HART LAW FIRM, PLLC**
*Wtaylor@thehartlawfirm.com*
6630 Colleyville Blvd, Suite 100
Colleyville, Texas 76034
Tel: (817) 329-7020
Fax: (682) 292-7406

**ATTORNEYS FOR SONJA LANG**