UNITED STATES DISTRICT COUT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SONJA LANG, | § | |
| | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | A CIVIL ACTION 6:20-cv-00653 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| | § | |
|     Defendant | § | A JURY IS DEMANDED |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS, AND BRIEF IN SUPPORT

**TO THE HONORABLE ALAN ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE, WESTERN DISTRICT OF TEXAS**

**AND THE HONORABLE JEFFREY C. MANSKE,**
**MAGISTATE JUDGE, WESTERN DISTRICT OF TEXAS**

    Plaintiff Sonya Lang ("Plaintiff" or "Lang"), files this Response to Defendant Texas Department of Criminal Justice's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss, and for such would respectfully show the Court as follows:

### I.    BACKGROUND

    Plaintiff filed this employment case on July 20, 2020, alleging Title VII violations by Defendant TDCJ, among other claims. On August 13, 2020, Defendant TDCJ filed a Rule 12(b)(1) and 12 (b)(6) Motion to Dismiss, in response to which Plaintiff timely files both her First Amended Complaint and this brief Response.[1]

---

[1] *See* FRCP 15(a)(1) ("A party may amend its pleading once as a matter of course within…21 days after service…of a motion under Rule 12(b)" [if the pleading is one to which a responsive pleading is required]).

## II.     DEFENDANT'S RULE 12(b)(1) MOTION IS MOOT

Defendant TDCJ's Rule 12(b)(1) Motion asserts[2] that Defendant TDCJ – as an agency of the State of Texas – enjoys 11th Amendment immunity from suit in this Court on Plaintiff's claims under Texas Labor Code Chapter 21, the Americans with Disabilities Act of 1990, and the ADA Amendments Act of 2008 ("ADAAA"). Plaintiff's First Amended Complaint eliminates any reference to Plaintiff's Chapter 21, ADA and ADAAA claims. Defendant's Rule 12(b)(1) Motion should be denied as moot.

## III.     PART OF DEFENDANT'S RULE 12(b)(6) MOTION IS MOOT

Defendant TDCJ's Rule 12(b)(6) Motion asserts that Plaintiff "lacks standing to seek a permanent injunction on behalf of "other employees."[3] Plaintiff's First Amended Complaint eliminates claims for relief for any person other than Plaintiff herself.  This portion of Defendant's Rule 12(b)(6) Motion should be denied as moot.

Defendant TDCJ's Rule 12(b)(6) Motion also alleges a lack of clarity as to whether Plaintiff's claims under Title VII arise out of discrimination or retaliation.[4] Plaintiff's First Amended Complaint clarifies that, while Plaintiff does contend TDCJ discriminated against her, the causes of action Plaintiff brings in this case arise exclusively out of retaliation for having opposed and complained of that discrimination, and for reporting the subsequent retaliation. This portion of Defendant's Rule 12(b)(6) Motion should be denied as moot.

## IV.     THE REMAINDER OF DEFENDANT'S RULE 12(b)(6) MOTION SHOULD BE DENIED

Finally, Defendant's Rule 12(b)(6) asserts Plaintiff has failed to state a claim for retaliation in the form of a hostile work environment.

---

[2] *See* Defendant TDCJ's Motion [Doc 8], pp. 4-5.
[3] *See* Defendant TDCJ's Motion [Doc 8], pp. 7-8.
[4] *See* Defendant TDCJ's Motion [Doc 8], pp. 6-7.

### A) Standard of Review:

Rule 12(b)(6) dismissals are disfavored and rarely granted, because the standard for dismissal is very high.[5] A court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff."[6] Rule 8(a)(2) merely requires a short and plain statement of the claim showing the pleader is entitled to relief.[7] A district court errs when it holds a plaintiff to a heightened pleading standard.[8]

To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states "a claim to relief that is plausible on its face."[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] A complaint "does not need detailed factual allegations," but the facts alleged "must be enough to raise a right to relief above the speculative level."[11]

### B) Plaintiff's First Amended Complaint Alleges a Hostile Work Environment Retaliation Claim.

As Defendant's Motion appears to concede,[12] Plaintiff's live Complaint is the sole source of facts the Court is to consider under the 12(b)(6) standard of review. Thus, the Defendant's untimely self-serving factual recitations regarding its own actions and denial of liability[13] should be ignored, and the Court should look solely to Plaintiff's First Amended Complaint for the facts.

Plaintiff's First Amended Complaint, fairly read, establishes that in her 24-year career at

---

[5] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[6] *Cox v. Kaelin,* 577 Fed.Appx. 306, 310 (5th Cir. 2014).
[7] Fed. R. Civ. P. 8(a)(2).
[8] *Cicalese*, 924 F.3d 762, 765 (citing *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[9] *Cicalese,* 924 F.3d, at 765.
[10] *Id.; Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[11] *Twombly*, 550 U.S., at 555 (citing 5 WRIGHT & MILLER, FED. PRAC. & PROC.§ 1216, 235–36 (3d ed. 2004)).
[12] *See* Defendant TDCJ's Motion [Doc 8], pp. 2-3.
[13] *See* Defendant TDCJ's Motion [Doc 8], pp. 1-2.

TDCJ, Lang had received only favorable reviews (her last being superlative), she had an excellent relationship with her supervisors, and she never received disciplinary action <u>until she complained of discrimination after a less qualified Caucasian candidate was promoted to Captain instead of Lang</u>. Beginning within days of her discrimination complaint, Lang's First Amended Complaint details a 15-16 month period in which Lang was subjected to express hostility toward her complaint, less favorable work shifts, additional duties only she had to perform (that other lieutenants on shift with her did *not* have to perform), mocking her religion and medical condition (which should have remained confidential), and unwarranted disciplinary action.[14]

Defendant's reliance on discrimination cases is misplaced, because a plaintiff's burden in retaliation cases has been much lower since *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). As the Supreme Court explained in *Burlington,* "normally petty slights, minor annoyances, and simple lack of good manners" will not constitute an adverse employment action. 548 U.S. at 68. However, the Supreme Court specifically and clearly emphasized that what constitutes an adverse employment action *depends on the circumstances*. An act that might be considered minor to some may, in fact, constitute an adverse employment action depending on the circumstances:

> [T]he significance of any given act of retaliation will often depend upon the particular circumstances. *Context matters.* The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed. A schedule change in an employee's work schedule may make little difference to many workers, but may matter enormously to a young mother with school age children. A supervisor's refusal to invite an employee to lunch is normally trivial, a nonactionable petty slight. But to retaliate by excluding an employee from a weekly training lunch that contributes significantly to the employee's professional advancement might well deter a reasonable employee from complaining about discrimination. *Hence, a*

---

[14] *See* Plaintiff's First Amended Complaint [Doc 9], pp. 5-11.

*legal standard that speaks in general terms rather than specific prohibited acts is preferable, for an act that would be immaterial in some situations is material in others.* (Emphasis added).

*Id.,* at 69.

At least one other court in the Western District has recognized that the standard for determining an adverse employment action is lower for retaliation than discrimination claims. *See, e.g., Williams v. City of Austin*, 170 F.Supp.3d 939, 948 (W.D. Tex. 2016) (Sparks, J.) Specifically, for an action to be an "adverse employment action" in a retaliation claim under Title VII, "a plaintiff must show that *a reasonable employee would have found the challenged action materially adverse, which . . .* <u>*means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination*</u>." *Id.* (*citing Burlington N & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). (Emphasis added).

Even if Defendant's reliance on discrimination cases were correct, Plaintiff's First Amended Complaint fairly meets the elements Defendant claims are required (citing, *inter alia*, *Tejada v. Travis Assoc. for the Blind*, 2014 WL 2881450, (W.D. Tex. 2014) (Ezra, J.). Taken as a whole, Plaintiff's First Amended Complaint demonstrates:

1) Lang engaged in protected activity (complaining of discrimination and retaliation);

2) she was subjected to unwelcome harassment (express hostility toward her complaint, less favorable work shifts, additional duties only she had to perform (that other lieutenants on shift with her did *not* have to perform), mocking her religion and medical condition [which should have remained confidential], and unwarranted disciplinary action);

3) there was a causal connection between the harassment and protected activity (Lang was warned against filing the complaint, the timeline shows the harassment began within days of the complaint, and Lang was told "I can't help you" if she filed another retaliation complaint);

4) the harassment complained of affected a term, condition, or privilege of employment (undesirable shifts, additional job duties assigned exclusively to

her, etc.);[15] and

5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action (Lang reported the harassment multiple times, yet it continued; she was told "I can't help you" if she complained of retaliation; Lang was told by Warden Wright that all of Wright's administrators "are one").

For all of these reasons, the portion of Defendant TDCJ's Rule 12(b)(6) regarding Plaintiff's hostile work environment claim should be denied.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff asks the Court to deny Defendant's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss, and to allow this case to proceed to discovery and trial.

Respectfully submitted,

Walter L. Taylor
State Bar No. 19727030
**HART LAW FIRM, PLLC**
*Wtaylor@thehartlawfirm.com*
6630 Colleyville Blvd, Suite 100
Colleyville, Texas 76034
Tel: (817) 329-7020
Fax: (682) 292-7406

**ATTORNEY FOR SONJA LANG**

---

[15] *See* Plaintiff's First Amended Complaint [Doc 9], pp. 8-9, for a more complete list.

## **CERTIFICATE OF SERVICE**

    I hereby certify by my signature above that a true and correct copy of the foregoing document has this day been served via certified mail, return receipt requested, electronic service, facsimile or hand delivery in open court, upon the following on this 27th day of August, 2020:

Briana M. Webb
*Briana.Webb@oag.texas.gov*
OFFICE OF THE ATTORNEY GENERAL
**ATTORNEYS FOR DEFENDANT**